# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERRACON CONSULTANTS, INC. and )
TT COMPANIES, INC., )
)
      Plaintiffs, )
)
v. ) Case No. 12-2345-EFM
)
CHESTER J. DRASH, JR., )
)
      Defendant, )
)
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend their complaint (Doc. 54) and motion to amend the scheduling order (Doc. 63). For the reasons set forth below, Both motions shall be GRANTED.

### Plaintiffs' Motion for Leave to Amend (Doc. 54)

Plaintiffs seek leave to amend their complaint to add federal and state trademark infringement claims and Drash Consultants, LLC as a defendant. Plaintiffs also seek to add claims against both defendants for conspiracy and aiding and abetting other former Terracon employees to breach their duties of loyalty to Terracon. Drash and Drash Consultants oppose the motion to amend, arguing the amendment is futile because of a lack of personal jurisdiction and failure to state a claim upon which relief may be granted.

The standard for permitting a party to amend his pleading is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

Drash opposes the motion, arguing that the amendment is futile because the proposed amended complaint will not survive a motion to dismiss. Specifically, Drash argues that the

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

court lacks personal jurisdiction over him because he does not have sufficient contacts with the forum state (Kansas), an issue that has been raised in his pending motion to dismiss (Doc. 39). Although Drash Consulting is not yet a party nor has it entered an appearance, Drash similarly argues that this court lacks personal jurisdiction over his recently formed consulting company. Drash also argues that the proposed amended complaint "lacks the requisite specificity and, therefore, fails to state a claim on which relief may be granted." Plaintiffs counter with legal authority and arguments that personal jurisdiction exists and that their proposed amended complaint adequately states claims upon which relief may be granted.

Unfortunately, Drash's attempt to argue the merits of his motion to dismiss in the context of plaintiffs' motion to amend raises practical issues concerning judicial resources and the creation of a coherent record of the pleadings. In this district, dispositive motions are addressed by the trial judge and non-dispositive motions (including motions to amend) are addressed by the assigned magistrate judge. Because the opposition to the motion to amend is based, in part, on the same arguments raised in Drash's motion to dismiss, there is an unnecessary duplication of judicial resources.[2] To avoid this duplication of effort and to establish a better record, the motion to amend shall be granted and Drash may file a renewed motion to dismiss which will be addressed by Judge Melgren. Because the motion to amend is granted, defendant's pending motion to dismiss (Doc. 39) is moot.

---

[2]

  Drash Consulting is not a party until the motion to amend is granted and Drash's counsel makes clear that he is not appearing for Drash Consulting in opposing the motion to amend. This illustrates one of the practical problems concerning the current record.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend **(Doc. 54)** is **GRANTED.** Plaintiffs shall file and serve their amended complaint by **April 26, 2013.** Drash and Drash Consultant's shall file their motion to dismiss by **May 10, 2013.**

**Plaintiffs' Motion to Amend the Scheduling Order (Doc.63)**

Plaintiffs move to amend the scheduling order to extend various deadlines. Drash does not oppose the motion; accordingly the motion shall be **GRANTED**.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend the scheduling order **(Doc. 63)** is **GRANTED.** Revisions to the scheduling order will be discussed during the status conference now scheduled for April 18, 2013 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of April 2013.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge